FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 SEP 17 A 10: 18

CLERK _____
SO. DIST. OF GA.

WALTER WHITTEN,

    Plaintiff,

v.

              CIVIL ACTION NO.: CV613-078

G.S.P. MEDICAL UNIT,
Med Health,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed an action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 52 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to

state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff alleges that in July 2012 he began having pain in his left side and was diagnosed with kidney stones. Plaintiff contends that he received medical care but his condition did not improve. Plaintiff avers that he was sent to "St. Joseph's Hospital" where he was treated with a catheter, but the cause of his medical problems remained unclear. Plaintiff claims that after his visits to St. Joseph's, "GSP did an ultrasound." (Doc. No. 1, p. 5). Plaintiff alleges that he was then treated by GSP with "IVs and meds" but that the "IVs started messing up all my veins." (Id.). Plaintiff attests that at the end of September 2012 "they put a port-a-cath in me" and that catheter gave him a blood infection and blood fungus. (Id.). Plaintiff avers he was then transferred to Augusta State Medical Prison, where it was determined that the port-a-cath caused the blood infection. Plaintiff reports the infection and fungus cleared after a few weeks.

Plaintiff claims he "would settle for $180, 000.00 . . . for the pain and suffering and emotional damage." (Id. at p. 6).

Plaintiff names GSP Medical Unit "Med Health"[1] as the Defendant in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff's claims against the GSP Medical Unit cannot be sustained. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), state agencies and penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). As Plaintiff has not named a "person" as a Defendant, his claims against GSP Medical Unit should be **dismissed**.

Even if Plaintiff named a proper defendant, he does not allege facts sufficient to sustain a § 1983 action. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble,

---

[1] Presumably, Plaintiff intends to sue the Medical Unit of Georgia State Prison, located in Reidsville, Georgia.

429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105.

In Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), the Eleventh Circuit Court of Appeals reiterated that as part of a claim of deliberate indifference, it is necessary for a plaintiff to demonstrate a "serious medical need" that poses a "substantial risk of serious harm." Taylor, 221 F.3d at 1258. A plaintiff must also show that "the response made by public officials to that need was poor enough to constitute "'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." Id. (quoting Estelle, 429 U.S. at 106-06). The Taylor Court further explained "[a] corollary to this requirement for a great deal more than negligence is that a public official who does act reasonably in response to a serious medical need 'cannot be found liable under the Cruel and Unusual Punishment Clause, even if the harm ultimately was not averted.'" Taylor, 221 F.3d at 1258 n. 5 (quoting Farmer, 511 U.S. at 844 – 45). Plaintiff has not alleged facts demonstrating that any "person" responded to his medical issues so poorly as to constitute "unnecessary and wanton infliction of pain." Plaintiff's allegations cannot be sustained, and his Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint

be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _____ day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE